## Richmond

CLIFTON ALLEN

v.

AETNA CASUALTY AND SURETY COMPANY

September 11, 1981.

Record No. 800911.

Present: Carrico, C.J., Cochran, Compton, and Stephenson, JJ.

*Roy B. Fox, Jr. (Hall, Fox and Atlee, P.C.,* on brief), for appellant.
*Richard Wright West (West, Stein, West & Smith, P.C.,* on brief), for appellee.

PER CURIAM.

In this appeal, we consider whether an allegation that a defendant breached an oral agreement to "effect a full and final settlement" of a tort claim states a cognizable cause of action for breach of contract.

In 1978, Clifton Allen filed a motion for judgment seeking $150,000 in compensatory damages and $250,000 in punitive damages from Aetna Casualty and Surety Company for breach of contract. Aetna filed a demurrer in which it asserted, *inter alia,*\* that the contract was unenforceable as vague and indefinite. The trial court sustained the demurrer and dismissed the action, but granted Allen leave to file an amended motion for judgment, which Allen failed to do. On appeal, Allen challenges the adverse ruling of the trial court.

Under familiar principles, we will judge the merits of the trial court's ruling by accepting as true all allegations of fact well pleaded in Allen's motion for judgment. *Burns* v. *Board of Supervisors,* 218 Va. 625, 627, 238 S.E.2d 823, 824-25 (1977). The motion for judgment contained the following allegations: While receiving dental treatment from a licensed dentist who was insured by Aetna, Allen was seriously injured as a result of the dentist's negligence. After the dentist reported the incident to Aetna, Aetna made an investigation and "made certain partial payment" to Allen. While awaiting medical evaluation of Allen's condition, Aetna "did bargain for and obtain plaintiff's agreement not to retain counsel to prosecute his claim in exchange for [Aetna's] promise to effect full and final settlement with him." Aetna subsequently breached this agreement with Allen.

---

\* Aetna also asserted, and Allen now concedes, that the motion for judgment did not support a claim for punitive damages.

Allen contends that his allegations of Aetna's promise to settle his claim in exchange for Allen's promise to forbear from employing counsel and instituting suit established a contract. We agree that a promise to forbear to exercise a legal right is adequate consideration to support a contract, and that the forbearance need not be for a time certain. *Looney v. Belcher*, 169 Va. 160, 167-68, 192 S.E. 891, 893-94 (1937). The crucial question, however, is whether the terms of the agreement alleged in Allen's motion for judgment were too vague and indefinite to enforce.

It is true, as Allen argues, that a demurrer will not be sustained where a motion for judgment states the substance but not the details of an alleged contract, because the details may be obtained by motion for a bill of particulars. *Miller v. Johnson, Inc.,* 191 Va. 768, 776, 62 S.E.2d 870, 874 (1951). Reasonable certainty as to the contractual obligations is all that is required. *Smith v. Farrell*, 199 Va. 121, 128, 98 S.E.2d 3, 7 (1957). *See Manss-Owens Co. v. Owens & Son*, 129 Va. 183, 196, 105 S.E. 543, 547 (1921). But an agreement to make a settlement, without specifying more, constitutes only an agreement to negotiate at a later date.

*Greenbrier Farms v. Clarke*, 193 Va. 891, 71 S.E.2d 167 (1952), upon which Allen relies, is distinguishable. In that case, we held a motion for judgment sufficient where it alleged that the plaintiff had been promised an undetermined commission on sales from the cuttings of a camellia bush. By bill of particulars, the plaintiff had specified that the commissions were to be the usual percentage in such cases, *i.e.,* 50% of the sales prices. The motion for judgment, though imperfect, stated the nature of the claim in general but unmistakable terms, and the details were properly supplied by the bill of particulars.

In *High Knob, Inc. v. Allen*, 205 Va. 503, 138 S.E.2d 49 (1964), where a developer had agreed with homeowners to provide water for a $200 connection charge, we held that the contract was sufficiently specific to justify injunctive relief prohibiting the developer from cutting off a homeowner's water supply. Although the agreement did not specify the amount of water to be provided or the length of time the developer would be required to provide it, there had been partial performance of the agreement, the price of the service was fully alleged, and the intent of the parties, while not expressed in the agreement, was ascertained from their conduct and the circumstances. 205 Va. at 508-09, 138 S.E.2d at 53-54.

As these cases indicate, we are reluctant to declare a contract void for indefiniteness and uncertainty. *High Knob, Inc., supra*, 205 Va. at 507, 138 S.E.2d at 53. Nevertheless, there must be mutual assent of the contracting parties to terms reasonably certain under the circumstances in order to have an enforceable contract. Here, there was no such mutual commitment. No sum was specified in the agreement, nor was any method or formula alleged for determining the amount payable in settlement. A court should not determine the terms of the settlement upon which the parties might ultimately agree. As the agreement provided no reasonable basis for affording a remedy for its breach, it is too vague and indefinite to be enforced. *See Valjar, Inc.* v. *Maritime Terminals*, 220 Va. 1015, 1018, 265 S.E.2d 734, 737 (1980); *Progressive Construction* v. *Thumm*, 209 Va. 24, 30-31, 161 S.E.2d 687, 691 (1968). Accordingly, we will affirm the ruling of the trial court.

*Affirmed.*