## Richmond

DONALD KAY AND PATRICIA KAY

V.

PROFESSIONAL REALTY CORPORATION

September 11, 1981.

Record No. 800801.

Present: Carrico, C.J., Cochran, Compton, and Stephenson, JJ.

*Andrew S. Fine (Howard I. Legum; John R. Lomax; Fine, Fine, Legum & Fine*, on brief), for appellants.

*Jerrold G. Weinberg (Edward P. Roberts; Weinberg & Stein*, on brief), for appellee.

PER CURIAM.

Donald and Patricia Kay, licensed real estate agents, filed a motion for judgment against Professional Realty Corporation (Professional), the Kays' former employer, in which they sought $355,317.94 in damages for breach of contract. Over objection by the Kays the trial court sustained demurrers filed by Professional to the motion for judgment and the amended motion for judgment, respectively, but granted the Kays leave to amend. After the Kays filed a second amended motion for judgment, the trial court sustained Professional's demurrer without granting the Kays leave to amend. In this appeal, the Kays challenge the rulings of the trial court sustaining the three demurrers and refusing to grant leave to amend after sustaining the third demurrer.

In their initial motion for judgment, the Kays alleged that they and Professional entered into a written contract, a copy of which was attached, concerning compensation for their services rendered in connection with the purchase of a 189-acre tract of land. Paragraph 1 of the contract provided that as long as Professional employed them, the Kays were entitled to one-half of the listing commissions collected by Professional from the sale of all or any part of the tract. Paragraph 4 provided, however, that the Kays had "no right of action with respect to any amounts accruing pursuant hereto until ninety (90) days after all such property is sold." Paragraph 5 provided:

> In the event Agents [the Kays] terminate as Agents for Realtor [Professional] prior to the sale of the property as herein contemplated, then Agents and Realtor shall negotiate a settlement at that time of any sums accruing to Agents.

In paragraph 13 of their motion for judgment, the Kays alleged that Professional failed to comply with paragraph 5 of the contract "when plaintiffs terminated as agents and the defendant failed to negotiate a settlement at that time of sums accruing [to] the plaintiffs." Professional's demurrer to this motion for judgment alleged that the contract was "unenforceable because of vagueness."

After the trial court sustained this demurrer, the Kays filed an amended motion for judgment without attaching a copy of the contract as an exhibit. In the amended motion, the Kays alleged

they had entered into a written contract with Professional, that they had performed services worth $355,317.94, and that the contract "contemplates" that Professional would "account to" them for property sold as of the date of their employment termination and would pay them the commissions due for the property sold at the time of their termination. The motion also alleged the Kays "are entitled to and have vested unto themselves one-half of the listing commissions actually collected by the defendant," but did not specify whether the Kays' entitlement was derived from the written contract. Professional demurred on the grounds that the contract had not been made a part of the motion for judgment and that the relevant terms of the contract had not been set forth. The trial court sustained the demurrer.

The Kays then filed a second amended motion for judgment, to which they attached a copy of the contract. In this pleading, the Kays alleged that subsequent to the execution of the written agreement, they and Professional orally agreed the Kays would be entitled to one-half the listing commissions actually collected by Professional through the date of their termination of employment. In its demurrer, Professional asserted, *inter alia*, that the alleged contract remained too vague to enforce, that the Kays were taking a position contrary to facts previously alleged in their initial motion for judgment, and that the Statute of Frauds, Code § 11-2, barred any claim based upon the alleged oral agreement. Other grounds asserted for the demurrer do not merit discussion.

For the reasons stated in *Allen* v. *Aetna Casualty & Surety Co.*, 222 Va. 361, 281 S.E.2d 818 (1981) (this day decided), we conclude the trial court did not err in sustaining Professional's initial demurrer. As in *Allen*, the agreement "to negotiate a settlement" constituted nothing more than an agreement to agree upon a settlement at a later date. This agreement to negotiate fails to provide a reasonably certain basis for determining an adequate remedy and therefore is unenforceable.

Assuming, without deciding, that the trial court did not err in sustaining the demurrer to the amended motion for judgment, we hold that the court did err in sustaining the third demurrer. The second amended motion for judgment alleged that after the execution of the written contract, the parties orally agreed that, under paragraph 5, the Kays would be entitled to one-half the commissions actually collected by Professional through the date of their termination. This allegation, which cured the vagueness de-

fect, was not inconsistent with the Kays' prior pleadings, as Professional contends. In paragraph 11 of the first motion for judgment, the Kays alleged they terminated their employment "after seeking an accounting and an agreement with respect to payment and after receiving no satisfactory response." In paragraph 13 of the initial motion, the Kays averred that Professional refused "to negotiate a settlement at that time," the time of their termination of employment. These allegations do not preclude an allegation that the parties orally agreed, after execution of the written agreement, upon the construction of the agreement. Paragraphs 11 and 13 may reasonably be construed to mean that Professional refused to agree as to the amount of the commissions collected during the Kays' employment and as to the method of paying that portion to which the Kays were entitled. If successive pleadings may reasonably be construed as consistent at the demurrer stage of litigation, they should be so construed. Thus, we hold that the second amended motion is not inconsistent with the initial motion for judgment.

We also reject Professional's contention that Code § 11-2(6a)* bars the Kays from maintaining this action. Code § 11-2(6a) "was intended to protect *the public* from unscrupulous real estate agents and brokers," *H-B Partnership* v. *Wimmer*, 220 Va. 176, 179, 257 S.E.2d 770, 773 (1979) (emphasis added), and is not applicable to employment contracts between a realtor and his agent that provide for compensation based upon sales of real estate.

For the reasons stated, we will reverse the judgment of the trial court and remand the case for proceedings consistent with this opinion.

*Reversed and remanded.*

---

* Code § 11-2(6a) precludes any action based upon an agreement "for services to be performed in the sale of real estate by a party defined in Code § 54-730 [real estate broker] or § 54-731 [real estate salesman]" unless the agreement is evidenced by a writing signed by the party to be charged.