854 F.2d 1316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ALL WEATHER CONTRACTORS, INC., Plaintiff-Appellant,
v.
RECYC SYSTEMS, INC., Defendant-Appellee.
 No. 87-2644.
 United States Court of Appeals, Fourth Circuit.
 Argued May 3, 1988.
Decided Aug. 1, 1988.
 
 Peter Paul Mitrano for appellant.
 W. Michael Holm (Hazel, Thomas, Fiske, Beckhorn & Hanes, P.C. on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 All Weather Contractors, Inc. (All Weather) appeals the district court's judgment entered after a bench trial in favor of defendant Recyc Systems, Inc. (Recyc). All Weather sued Recyc for an accounting and its share of the profits of an alleged joint venture between the two companies. The district court concluded that a letter agreement between All Weather and Recyc did not result in a joint venture. We affirm.
 
 
 2
 In early 1983, the management of Recyc and All Weather met to discuss the possibility of forming a joint operation of a project to sell sewage sludge for agricultural purposes. Their negotiations led to an agreement dated June 1, 1983. Drafted by All Weather, the agreement principally called for All Weather to obtain sewage sludge from public entities in the Washington area and for Recyc to secure the necessary permits and buyers for the application of the sludge. The document stated, "[t]his agreement shall be amended to include the detailed operational procedures and the specific roles and responsibilities of each party of the joint venture. The detailed procedures amendment shall be completed and affixed, as agreed between the parties on, or before July 1, 1983." The parties however never adopted any "detailed procedures amendment," nor did All Weather ever obtain the allocation of any sludge.
 
 
 3
 In early June of 1983, shortly after the signing of the agreement, All Weather paid Recyc approximately $9,000 to contract for soil sample tests, as called for in the June 1 agreement. All Weather, however, failed to obtain a source of sludge. In late 1983 Recyc obtained its first sludge permit that allowed it to commence limited sludge application, and in 1985 it obtained a second permit which allowed it to both store its sludge in its own lagoon and apply the sludge. Over this period Recyc contracted with other sources to obtain sludge because All Weather could not provide it.
 
 
 4
 Under Virginia law, "[a] joint venture exists where two or more parties enter into a special combination for the purpose of a specific business undertaking, jointly seeking a profit, gain, or other benefit...." Roark v. Hicks, 362 S.E.2d 711, 714 (Va.1987); see also Rowe v. Brooks, 329 F.2d 35, 40-41 (4th Cir.1964). An enforceable contract requires "mutual assent of the contracting parties to terms reasonably certain under the circumstances." Allen v. Aetna Casualty & Surety Co., 281 S.E.2d 818, 820 (Va.1981).
 
 
 5
 The agreement of June 1, 1983, falls far short of "a specific business undertaking" for the sludge application operation Recyc eventually built. The document's major provisions merely state that 1) All Weather will obtain sludge; 2) Recyc will obtain permits; and 3) the agreement will be amended once both sludge and permits are procured. All Weather was never able to obtain sludge and the parties never amended the agreement to set out terms for an ongoing operation. The agreement never evolved into a joint venture in the sludge application business.
 
 
 6
 Nor does the June 1, 1983 agreement contain terms "reasonably certain under the circumstances" to set forth the sludge operation to which All Weather alleged Recyc obligated itself. The agreement only establishes initial responsibilities for the parties, which, if they had been fulfilled, could have led to a joint venture. The numerous details of trucking, processing, application, management, etc.--essential terms for the sludge operation--were left for the future, when the parties seemingly contemplated they might reap the benefits of their exploratory efforts and begin a joint venture. Nor does All Weather's payment of $9,000 for soil analysis tests to help Recyc seek permits form a basis for a joint venture. In a business environment, one party may spend money for another's benefit in hopes of fostering good will and future business dealings, but this does not necessarily form a contract. See Mullins v. Mingo Lime & Lumber Co., 10 S.E.2d 492, 494 (Va.1940).
 
 
 7
 All Weather is understandably disappointed that its fortunes declined while Recyc's improved, but the joint ambitions once shared by the companies did not mature into a joint venture. The judgment of the district court is affirmed.
 
 
 8
 AFFIRMED.