## CIRCUIT COURT OF THE CITY OF NORFOLK

Robert L. Byrd

    v.

Theodore J. Broecker

August 12, 1988

Case No. (Law) L-86-1574

By JUDGE THOMAS R. McNAMARA

Upon consideration of the pleadings, admissions, and your various memoranda upon defendant's Motion for Summary Judgment, the motion will be granted.

The Amended Motion for Judgment sets forth the alleged agreement between the parties as follows:

(a) Byrd would assign the Bailey stock to AIM, which would be treated as a redemption, and a loan to Byrd would be forgiven.

(b) Broecker would equalize stock ownership with Byrd by selling fifteen shares of his stock to Byrd for a purchase price to be agreed upon;

(c) AIM would pay Byrd a bonus in such an amount that Byrd would net the amount of the purchase price of the fifteen shares after payment of state and federal income taxes.

It is agreed that some time after the redemption as contemplated in (a), the parties "failed to reach a meeting of the minds on a price . . ." and ultimately defendant refused to sell. This refusal is relied upon by plaintiff as a "breach of contract" upon which, in a large part, he bases his action for damages. However, as in *Allen v. Aetna Casualty and Surety*, 222 Va. 361

(1981), there was no contract since there was no mutual commitment. "An agreement to make a settlement, without specifying more, constitutes only an agreement to negotiate at a later date." *See Allen,* p. 363. "No sum was specified in the agreement, nor was any method or formula alleged for determining the amount payable in settlement. A court could not determine the terms of the settlement upon which the parties might ultimately agree. As the agreement provided no reasonable basis for affording a remedy for its breach, it is too vague and indefinite to be enforced." *See Allen,* p. 364, and cases cited. It should be noted that plaintiff's memorandum states that the shares in April 1985 were valued at $178.00 per share for redemption and in September 1985 at $2,448.97 per share for sale to third-party purchaser.

There being no contract, no actionable breach is alleged in Broecker's ultimate refusal to sell the fifteen shares. (Count I).

Byrd's "allowing" the redemption of the Bailey stock prior to Broecker's refusal to sell, even if done in anticipation of this sale, was not done in reliance upon an agreement as alleged in paragraph 7 of the Amended Motion for Judgment, there being no agreement. It was more a voluntary act in furtherance of a plan, or a hope, than in reliance on a contract. The redemption was not, under these facts, induced by Duress and Oppression (Count II), Breach of Fiduciary Duty (Count III), on Fraud (Count IV), nor breach of any enforceable promise (Count V).

The characterization of Broecker's conduct in respect to the redemption as "coercive," "oppressive," "abuse of confidence," "unconscionable conduct," "tortious," "breach of fiduciary duty," "wrongful" does not add to or modify the agreed facts upon which the claim must stand or fall.

The final allegations in paragraphs 14 through 17, etc., that some months after the redemption Broecker "advised Byrd that he would pursue independently a sale of his 260 shares" furnishes no grounds for recovery, notwithstanding plaintiff's further assertions that his act constituted an implied threat and "served to coerce and to pressure Byrd to sell his shares . . . ." No allegation asserts that defendant as majority stockholder accomplished either a lawful purpose by unlawful means or an

unlawful purpose by lawful means. *See Glass v. Glass,* 228 Va. 39 (1984).

Accordingly summary judgment will be entered for defendant.