## CIRCUIT COURT OF FAIRFAX COUNTY

Ward

v.

Ernst & Young et al.

April 25, 1991

Case No. (Law) 102514

By JUDGE MICHAEL P. McWEENY

This matter is before the Court on defendant's Demurrer to the Motion for Judgment. After hearing oral argument, the Court took the case under advisement. The Court has now had the opportunity to review the briefs submitted and the authorities cited. For the reasons set forth below, the Demurrer as to both Counts is sustained.

### 1. *The Contract*

Defendant first demurs to Count I on the ground that plaintiff has failed to allege an enforceable contract, and that the "contract" attached to the motion for judgment is on its face a mere proposal.

In the Motion for Judgment, paragraph 5, plaintiff has alleged that HAZCO and the defendant entered into a contract in early 1986. A demurrer will not be sustained where a Motion for Judgment states the substance but not the details of an alleged contract because the details may be obtained by motion for a bill of particulars; reasonable certainty as to the contractual obligations is all that is required. *Allen v. Aetna Casualty & Surety*, 222 Va. 361, 363 (1981). The contract itself need not be attached as an exhibit to the Motion for Judgment.

At this stage of the pleadings, the Motion for Judgment sufficiently alleges the existence of a contract. Further, although Exhibit 1 on its face is merely a proposal, it will, for purposes of demurrer, be treated as delineating the terms of the contract alleged in the Motion for Judgment. The demurrer is overruled as to this argument.

## 2. *Duties*

Defendant also demurs to both Counts I and II on the ground that the contract on its face does not create the duties alleged to have been breached. Specifically, defendant contends that the document makes no mention of "formulas" to be used by Ward. However, Exhibit 1 refers to "certain audit procedures" as discussed by the parties as well as to HAZCO's "investors." It can be inferred for purposes of demurrer that such procedures might include some formulas and equations to be used for future financial documents for investors. The demurrer is overruled on this ground as well.

## 3. *Standing*

Plaintiff next contends that the plaintiff has no standing to sue on the contract, as the Motion for Judgment alleges that the defendant's contract was with HAZCO rather than with plaintiff. Plaintiff responds that he had standing in this action as a third party beneficiary. The demurrer to Count I is sustained on this basis.

An action on a contract must be brought in the name of the party in whom the legal interest is vested, and this legal interest is ordinarily vested only in the promisee or promisor or their privies. *Cemetary Cons. v.*

*Tidewater Fun. Dir.*, 219 Va. 1001, 1003 (1979). A stockholder to a corporate party does not have standing to sue on the contract between the corporation and a third party.

> [Plaintiffs] argue that they have legal standing because, as stockholders of the corporation, they are the actual owners of the business and all its assets . . . We reject the argument. The corporation is a legal person, separate and distinct from the persons who own it . . .

*Keepe v. Shell Oil*, 220 Va. 587, 591 (1979). The contract in this case is alleged to be between HAZCO (by and through plaintiff as sole shareholder) and defendant (para. 5). Plaintiff Ward cannot directly sue for damages sustained on that contract to which he was not a party or its privy, even though he was the sole shareholder of one of the corporate parties.

Under Code § 55-22, however, a third party beneficiary to a contract may be able to sue to enforce that contract even though not named in the document. This rule is subject to the limitation that the third party must show the contracting parties clearly and definitely intended the contract to confer a benefit on him. *Cobert v. Home Owners Warranty Corp.*, 239 Va. 460, 466 (1990). Incidental beneficiaries may not sue on a contract. *Id.*

The Motion for Judgment hence should contain an allegation of the parties' intent to clearly and definitely confer a direct benefit on the plaintiff or allegations from which such an inference can be drawn. *See Copenhaver v. Rogers*, 238 Va. 361, 367 (1989); *see also Allen v. Lindstrom*, 237 Va. 489, 500 (1989); *Kelly Health Care v. Prudential*, 226 Va. 376, 380 (1983). Even a conclusionary allegation that certain provisions of the contract were for the benefit of the plaintiff would not pass muster; there must be alleged facts to support such a conclusion. *Valley Company v. Rolland*, 218 Va. 257, 260, 263 (1977).

The Motion for Judgment in the present case does not contain any such facts or allegations of the parties' intent to confer a benefit on plaintiff Ward. In fact, the motion for judgment repeatedly refers to the purpose of the contract being the performance of services for HAZCO (para. 5), to enable HAZCO to calculate its financial

position (paras. 7, 9). The demurrer is sustained on the ground that there is no standing on the face of the Motion for Judgment for this plaintiff to maintain a breach of contract action.

### 4. *Damages; Causation*

Defendant also demurs to both Counts I and II on damages. The Counts are demurred to for similar reasons: Count I in that plaintiff has failed to allege contract damages which either were foreseeable to the parties or caused by the breach by the defendant; and Count II in that plaintiff has failed to allege facts showing that he sustained damages proximately caused by the defendant's breach. The demurrer is overruled as to these arguments.

In a breach of contract action, direct (or general) damages and consequential (or special) damages may be recovered. *Morris v. Mosby*, 227 Va. 517, 523 (1984). Direct damages are those which naturally flow from the breach. Consequential damages arise from the intervention of special circumstances not ordinarily predictable and may be recovered only if the special circumstances were within the contemplation of both parties at the time of execution of the contract. *Id.* Damages within the contemplation of the parties are those actually foreseen or reasonably foreseeable. *Duggin v. Williams*, 233 Va. 25, 29 (1987). A plaintiff in a contract action, like a plaintiff in an action sounding in tort, bears the burden of establishing a causal connection between the breach and the damages claimed. *Haass & Broyles Excavators v. Ramey Bros.*, 233 Va. 231, 235-36 (1987).

For Count I, plaintiff has alleged that as a result of the erroneous financial information provided by the defendant to plaintiff, plaintiff was forced to release the money from the escrow account, and that the breach resulted in the damages to the plaintiff (para. 19, 22). Moreover, the plaintiff has alleged that one of the purposes of the contract was the use of the formulas for future financial documents of HAZCO (para. 6), and Exhibit 1 does refer to HAZCO's "investors." While the damages alleged do not directly flow from the alleged breach of contract, it could be inferred from these allegations that the damages may have been foreseeable to the parties.

Additionally, whether or not the damages actually were foreseeable at the time of execution is an issue for the jury. *Fairfax City Redev. Auth. v. Hurst Assoc.*, 231 Va. 164, 167 (1986). The court will not rule as a matter of law at this stage in the pleadings that the damages were not within the contemplation of the parties at the time of contracting.

In Count II, plaintiff has alleged reliance and that the damages were a proximate result of the defendant's actions. (para. 30, 31). For purposes of demurrer, these allegations are sufficient. *See Allen Realty Corp. v. Holbert*, 227 Va. 441, 450 (1984). (Allegation sufficient where alleged duty to disclose, breach of duty by failure to disclose, and that the breach was the proximate cause of damage to plaintiff).

## 5. *Existence of Damages*

Defendant demurs next on the basis that plaintiff has failed to allege facts necessary to support recovery of damages for breach of contract, in that no injury was sustained since the purchase price he received reflected the fair value of HAZCO. The demurrer is overruled on this argument.

In paragraph 15 of the Motion for Judgment, plaintiff alleges that under the terms of the stock purchase agreement, money was set aside in escrow for the event that discrepancies on HAZCO's financial status were discovered. The amount was to be paid out of the escrow fund if *any* inaccurate financial information was discovered, regardless of whether Chemical Waste would have paid the same amount of money for the stock. Hence, the plaintiff's allegations, if true, could support a finding of damages.

## 6. *Tort and Privity/Economic Loss*

Defendant next demurs to Count II on the ground that plaintiff's claim for damages suffered as a result of professional negligence lies in contract, not tort, since plaintiff is not in privity with the parties to the contract. Additionally, defendant demurs to Count II on the grounds that the plaintiff's damages are for economic loss only, which requires privity of contract with the

defendant. The demurrer to Count II is sustained for these reasons.

The privity requirement has been abolished in negligence cases involving personal injury or property damage, as well as in products liability cases. Code §§ 8.01-223, 8.2-318. However, in professional negligence cases involving purely economic loss damages, privity is still required. *See Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 423 (1988); *Blake Construction Co. v. Alley*, 233 Va. 31, 34 (1983); *see also Copenhaver v. Rogers*, 238 Va. 361, 366 (1989).

In Virginia, economic loss damages have been defined in the context of products liability, where a product is inferior in quality and does not work for the general purposes for which it was manufactured and sold, and in the context of sales of real estate, where the property is alleged to be qualitatively defective. *Sensenbrenner*, 236 Va. at 423, 424. Further, economic loss has also been considered in professional negligence cases against architects for allegedly providing negligent design and supervision of construction and against an attorney for negligent preparation of a will. *See, e.g., Sensenbrenner*, 236 Va. 419; *Blake Construction*, 233 Va. 31; *Copenhaver*, 238 Va. 361.

The alleged damage in the present professional negligence action is not injury to property or person. These damages are purely the result of disappointed economic expectations, without any claim of personal injury or damage to other property. *See Sensenbrenner*, 236 Va. at 423; *Rotonda Condo. Owners v. Rotonda Associates*, 238 Va. 85, 90 (1989).

Plaintiff requests the court to adopt the restatement view that an accountant may be liable for his negligence to a limited class of persons whose injury was reasonably foreseeable, as well as to his direct employer with whom he is in privity. *Semida v. Rice*, 863 F.2d 1156, 1160 (4th Cir. 1988) (citing Restatement (Second) of Torts, sect. 552). In such a case, the question would be whether the party who relied on the accountant's misrepresentation was entitled to rely under the circumstances of the particular case. *Id*.

The Virginia courts might adopt such a stance if non-economic losses were requested. However, the privity

requirement in Virginia for professional negligence cases is absolute. *See, e.g., Ayyildiz v. Kidd*, 220 Va. 1080, 1085 (1980) (attorney not liable to third person in professional negligence case who was not his client). The Virginia Supreme Court has made it clear that it will not abolish the privity requirement in cases involving economic loss, and that in such cases, no action for tort is available. *See Copenhaver*, 238 Va. at 366; *Blake*, 233 Va. at 36; *Sensenbrenner*, 236 Va. at 243. Although this Court recognizes that several states do accept the Restatement view, the Court is not convinced in light of the cases cited above that Virginia would be willing to apply that rule in the present situation.

In light of the foregoing rulings, the plaintiff is granted leave to amend Count I, should he so choose, within twenty-one days of the entry of the Order.