## CIRCUIT COURT OF HANOVER COUNTY

Walter W. Myers, Sr., et al.

v.

Lewis H. Newell, Sr.

June 22, 1994

Case No. (Chancery) 110-94

BY JUDGE WILLIAM H. LEDBETTER, JR.

The only issue in this declaratory judgment suit is whether a lease renewal clause that provides for "rent to be negotiated [at the time of renewal] but . . . not to exceed a 20% increase" is enforceable.

### Facts

The plaintiffs (Myers and Reynolds) leased store space in Mechanicsville from the defendant (Newell) for a five-year term beginning May 1, 1989, and ending April 30, 1994. The rent was $150,000.00 payable in monthly installments of $2,500.00. Paragraph (8) of the lease provides:

> Lessor agrees to give Lessee an option to renew this lease for an additional 5 year period at the end of the original period, with rent to be negotiated at that time but . . . not to exceed a 20% increase . . . .

The lease was on a printed form. A number of typewritten provisions were added to it by the parties, among which was the renewal clause in Paragraph (8).

About three months before the end of the original term, Myers and Reynolds notified Newell in writing that they intended to exercise their option to renew the lease. The notice stated that "details" needed to be "discussed." The next day, Newell informed Myers and Reynolds that the lease would terminate at the end of the original term. This litigation ensued.

During the pendency of this suit, Myers and Reynolds have continued to occupy the premises. For the months of May and June, they have tendered $3,000.00 to Newell, representing the amount of monthly rent under the lease for the original term plus 20%. Newell has rejected the tendered payments.

At a bench trial on June 16, 1994, few if any of the pertinent facts were disputed. Only one witness, Myers, testified.

### Decision

Virginia courts are reluctant to declare a contract void for indefiniteness or lack of certainty. *High Knob, Inc. v. Allen*, 205 Va. 503 (1964). Nevertheless, there must be mutual assent to terms reasonably certain under the circumstances to have an enforceable agreement.

An agreement to make an agreement fails because there is no mutual commitment. It imposes no obligation on the parties. It is too vague and indefinite to be enforced. See *Kay v. Professional Realty Corp.*, 222 Va. 348 (1981); 17A Am. Jur. 2d, *Contracts*, § 35; 1 Williston on Contracts (3rd Ed.) § 45; also see *Nuline Industries v. Media General, Inc.*, 32 Va. Cir. 352 (1994).

This elementary principle of contract law applies, of course, to leases. So, a covenant to renew or an option to renew or extend a lease upon such terms as the parties may agree is generally considered void for indefiniteness and uncertainty. However, where the only term left undetermined is the amount of rent, and the rent is to be fixed by agreement of the parties, there is a split of authority. See Anno., Renewal of Lease — Rental to Be Agreed Upon, 58 A.L.R. 3rd 500 (1974 and Supp.). Among the courts that hold such "rent to be agreed upon" clauses unenforceable, the clause nevertheless may be saved if the lease provides a specific method or guideline for fixing rent. *See* 50 Am. Jur. 2d, *Landlord and Tenant*, § 1165.

Recognizing the split of authority on the subject, the Supreme Court of Virginia invalidated a "rent to be agreed upon" lease renewal clause in *Davis v. Cleve Marsh Farm Hunt Club*, 242 Va. 29 (1991). The Court said that the clause was too indefinite to be enforceable. A lease renewal provision that does not set forth an agreed rental is invalid and unenforceable, the Court decided, absent a specified method or guideline for fixing the rent.

*Also see* Friedlander, *Virginia Landlord-Tenant Law* (1992), pp. 30-31, 476-577.

As noted above, Paragraph (8) of the parties' lease provides for a five-year renewal, "with rent to be negotiated . . . ." Clearly, if the renewal clause contained only that language, it would fall squarely within the *Davis* ruling. The phrase "to be negotiated" is indistinguishable from "to be agreed upon."

However, as Myers and Reynolds point out, the renewal clause goes on to provide that the negotiated amount of rent will "not exceed a 20% increase." This additional language, they argue, created a method or guideline for fixing the rent, thereby saving the renewal clause from the fate otherwise preordained by the *Davis* decision. The Court disagrees.

The additional language merely fixed the parameters of negotiations. It created a cap, not a "specified method or guideline for fixing rent." The parties still were left to try to reach an agreement on an amount of rent for the five-year renewal period, which could be anywhere between no increase, so that the rent would remain at $2,500.00 a month, and a full 20% increase, so that the rent would be $3,000.00 a month. Or, as is commonly done, the parties could have agreed on annual incremental increases during the renewal period. In any event, the zone of uncertainty within which the parties were left to negotiate adds up to $30,000.00 over a five-year period. That is a significant uncertainty.

The fact that Myers and Reynolds are now prepared to pay the full 20% increase and have tendered that amount to Newell is of no consequence in determining whether the renewal clause is enforceable. The validity of the clause must be determined as a matter of law from the language used in the lease.

Regrettably, Myers and Reynolds spent a significant amount of money making improvements to the interior of the premises in anticipation of their ability to renew the lease at the end of the original term. However, the Court knows of no authority for the proposition that financial hardship alone may be considered as a factor in determining whether a lease renewal clause is unenforceable because of indefiniteness and uncertainty.

## Conclusion

The Court holds, for the reasons explained, that the renewal clause in Paragraph (8) of the lease is invalid and unenforceable. Therefore, the Court will declare Paragraph (8) of the lease invalid and unenforceable, the relief sought will be denied, and the suit will be dismissed.