# CIRCUIT COURT OF WARREN COUNTY

Brown Enterprises, Inc.

v.

Paul Hockman

September 9, 1999

Case No. (Chancery) 98-99

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the defendant's Plea in Bar based on the option price provisions in the lease. The parties had earlier argued this Plea in Bar and, at the Court's request, submitted authorities. Upon consideration whereof, the Court has decided to sustain the Defendant's Plea in Bar, because the governing option price provision is only an agreement to negotiate and is not an enforceable contractual price fixing mechanism.

## I. *Statement of Material Facts*

The following facts are not in dispute.

On July 1, 1996, the parties entered into a commercial lease. The Plaintiff tenant has sued the landlord defendant seeking recovery for damage to his property and for the diminution in value to his option rights under the lease. Defendants have filed a Plea in Bar claiming that the option to purchase is unenforceable because it is simply an agreement to agree.

The lease is comprised of two parts. The first part is an eleven page form commercial lease in which the provisions specific to the parties, such as their names, the term of the lease, and the rental have been typed in. Appended to

the lease is an "Option to Purchase," which is the instrument upon which the Plea in Bar is premised.

The Option to Purchase, like the lease, is a typed or printed form in which the provisions specific to the parties have been typed in, and it contains various provisions dealing with the tenant's exercise of the option. Paragraph 2 of the form portion of the Option to Purchase provides a mechanism for determining the option price:

> Upon receipt of Tenant's written intent to purchase, Landlord will obtain an appraisal of subject property; said appraisal will be provided by a recognized and qualified appraiser of Landlord's choice. Landlord will provide a copy of the appraisal to Tenant. It is understood and agreed that the sale price of the property will be the market value of the property as dictated by the appraisal.

At the bottom of the Option to Purchase, a typed provision was inserted and initialed by the parties, which provides for another method of determining the option price, and this typed, initialed provision states that the "Purchase price to be negotiated at the time of the sale."

The Defendant's Plea in Bar is based on the conflict between the two pricing provisions in the Option to Purchase. The Defendant claims that since the two pricing provisions of the Option are in conflict, the initialed, typed provision takes precedence over the appraisal method in the printed form and is not enforceable, because it is simply an agreement to agree on a price in the future.

## II. *Conclusions of Law*

Whether a contract is ambiguous or incomplete is a question of law. *See Ross v. Craw*, 231 Va. 206, 213, 343 S.E.2d 312 (1986). While the option price determination terms of the Option to Purchase are in conflict, they are not ambiguous, and the Option to Purchase is complete. Where the contract terms are clear, "[t]he court will not write a new contract for the parties even when, in light of the facts known to them, the court might think they should have adopted different language." *Lerner v. Gudelsky Co.*, 230 Va. 124, 132, 334 S.E.2d 579 (1985). As the Supreme Court recently stated in *Dominion Savings Bank v. Costello*, 257 Va. 413, 416-417, 512 S.E.2d 564 (1999):

> "The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and

courts are bound to say that the parties intended what the written instrument plainly declares." *W. F. Magann Corp. v. Virginia-Carolina Elec. Works, Inc.*, 203 Va. 259, 264, 123 S.E.2d 377, 381 (1962). It is well settled in contract law that "where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." *Ross*, 231 Va. at 212, 343 S.E.2d at 316 (quoting *Globe Iron Constr. Co. v. First Nat'l Bank of Boston*, 205 Va. 841, 848, 140 S.E.2d 629, 633 (1965)).

The two price determination provisions in the Option to Purchase are in direct conflict, so principles of construction must be considered to resolve the conflict. The general law is stated in 17A Am. Jur. 2d, *Contracts*, § 395:

The rule is well settled that where part of the contract is written or typed and part is printed, and the written or typed and the printed parts are apparently inconsistent or there is reasonable doubt as to the sense or meaning of the whole, the words in writing or typing will control. The reason greater effect is given to the written or typed part of an agreement than to the printed part of it, if they are inconsistent, is that the written or typed words are the immediate language and terms selected by the parties themselves for the expression of their meaning, while the printed form is intended for general use without reference to particular objects and aims.

"[G]enerally ... handwritten terms control typewritten and printed terms, and typewritten control printed." Restatement (Second) of Contracts, § 203, comment f. This generally accepted principle of contract construction applying to the priority of the contract terms according to the manner in which they are expressed was accepted by the General Assembly when it adopted the Uniform Commercial Code in Virginia. "The following rules apply to every instrument ... . Handwritten terms control typewritten and printed terms, and typewritten control printed." Virginia Code § 8.3-118. Applying these principles, the typed, initialed provisions at the bottom of the Option to Purchase take precedence over the appraisal provisions in paragraph 2 of the form portion of the Option to Purchase.

"An option to purchase at a price to be fixed by third persons acting as appraisers or arbitrators is apparently valid." 77 Am. Jur. 2d, *Vendor and Purchaser*, § 33. "Option agreements have generally been held or recognized to be sufficiently definite as to price to justify their enforcement if either a

specific price is provided for in the agreement *or a practicable mode is provided by which the price can be determined by the court without any new expression by the parties themselves.*" Annot., *Purchase Price — Definiteness — Price,* 2 A.L.R.3d 701, 703 (1965). "In all contracts of sale ... the price is, of course, a material term. It must either be fixed by the agreement itself, or means must be therein provided for ascertaining it with certainty. In the absence of such provision, either stating it or furnishing a mode for fixing it, the agreement would be plainly incomplete, and could not be enforced ... ." *Rolfs v. Mason,* 202 Va. 690, 692, 119 S.E.2d 238 (1961) (dictum), *quoting Berry v. Wortham,* 96 Va. 87, 89, 30 S.E. 443. *Accord Parker v. Murphy,* 152 Va. 173, 184, 146 S.E. 254 (1929). If an objective method to determine the price is provided for in the agreement, such as by a mutually agreed upon appraiser as was done in paragraph 2 of the Option to Purchase, then the contract is sufficiently definite to be enforced.

The typed, initialed provision inserted at the bottom of the Option to Purchase that the "purchase price to be negotiated at the time of sale" is not enforceable. The price is one of the most material provisions in an option agreement, and an agreement to "agree" to the purchase price in the future is an agreement to negotiate in the future, which is not a contract between the parties with respect to the subject matter of the potential negotiations. *See, e.g., Allen v. Aetna Casualty,* 222 Va. 361, 363, 281 S.E.2d 820, 818 (1981); and *King v. Professional Realty Corp.,* 222 Va. 348, 281 S.E.2d 820 (1981) (agreement to make a settlement is only an agreement to negotiate at a later date, not a contract to settle). Therefore, the option to purchase is not enforceable.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that Defendant's Plea in Bar based on the unenforceability of the Option to Purchase is sustained.