**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ePLUS GROUP, INCORPORATED,

        *Plaintiff-Appellant,*

    v.

ROBERT GRIMES,

        *Defendant-Appellee,*

    and

CYNTERGY CORPORATION; NATIONAL
TECHTEAM, INCORPORATED; TECHTEAM
CAPITAL GROUP; TECHTEAM RETAIL,
L.L.C.; TECHTEAM CYNTERGY, LLC,

        *Defendants.*

No. 02-1397

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-01-1449-A)

Argued: December 3, 2002

Decided: January 15, 2003

Before WILKINSON, Chief Judge, KING, Circuit Judge,
and Joseph R. GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Erica Steinacker Stoecker, Herndon, Virginia, for Appellant. Wendelin Isadora Lipp, PALEY, ROTHMAN, GOLDSTEIN,

ROSENBERG & COOPER, CHTD., Bethesda, Maryland, for Appellee. **ON BRIEF:** Michael E. Geltner, GELTNER & ASSOCIATES, P.C., Washington, D.C., for Appellant. Alan D. Eisler, PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG & COOPER, CHTD., Bethesda, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

ePlus Group, Inc. sued Robert Grimes, chairman and CEO of Cyntergy Corporation, alleging that Grimes breached an oral agreement to personally guarantee Cyntergy's debt to ePlus. The district court dismissed the claim against Grimes, finding that the contract alleged in ePlus's complaint did not create a legal obligation for Grimes to pay Cyntergy's debt. Because the parties never mutually assented to enter into the alleged agreement, we affirm the judgment of the district court.

### I.

Plaintiff ePlus Group, Inc. is a commercial equipment lessor. On November 21, 1997, ePlus entered into a lease agreement with Cyntergy Corporation. The parties subsequently entered into several schedules under which Cyntergy leased various items of computer equipment from ePlus.

During the summer of 2001, Cyntergy fell in arrears on its lease payments. ePlus notified Cyntergy that Cyntergy had defaulted on the lease agreement and sought back monies owed under the lease. In response to this correspondence Robert Grimes visited ePlus's office on September 10, 2001, to discuss the monies owed by Cyntergy. During the meeting, ePlus informed Grimes that it intended to take

possession of the leased equipment. In order to postpone ePlus's recovery of the equipment, Grimes promised ePlus that Cyntergy would pay the past balance due. Grimes also told ePlus that "he would make sure [ePlus] got paid" and that he would "take care of [ePlus]" if they would "give him some slack." Based on these statements, ePlus alleges that it "believed and reasonably believed . . . that Grimes was promising that he would personally insure [ePlus] payment if [ePlus] were to forbear seeking return of the equipment."

On September 20, 2001, ePlus filed a single count complaint against Cyntergy seeking money damages for breach of the equipment lease. On October 26, 2001, ePlus filed an amended complaint that added five new parties and six new counts, including a breach of contract claim against Grimes. The district court dismissed the claim against Grimes for failure to state a claim. ePlus then filed a second amended complaint, again alleging a breach of contract claim against Grimes. On March 11, 2002, the district court dismissed the claim against Grimes for failure to state a claim, with prejudice. ePlus now appeals.

We review a dismissal for failure to state a claim de novo, *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001), and assume the facts as stated in the complaint are true. *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997).

## II.

In an action for breach of contract, a plaintiff must demonstrate (1) an enforceable contract, (2) a violation or breach of that contract, and (3) a consequential injury or damage to the plaintiff. *See Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 379 S.E.2d 316, 317 (Va. 1989). To prove the formation of an enforceable contract, the plaintiff must show that there was a meeting of the minds on all material terms. *E.g.*, *Allen v. Aetna Casualty and Surety Co.*, 281 S.E.2d 818, 820 (Va. 1981).

## III.

ePlus argues that Grimes and ePlus "entered into an express, oral contract, providing that ePlus would forbear from repossessing its

equipment and Grimes would [personally] ensure that ePlus was paid." As evidence of this contract, ePlus relies on Grimes' statements that he would "take care of" ePlus and that he would make sure that Cyntergy paid ePlus. In essence, ePlus argues that Grimes' oral assurances that Cyntergy would pay ePlus amounted to a contract whereby Grimes personally guaranteed Cyntergy's debt to ePlus.

It is clear, however, that Grimes had no intention of entering into such a contract. "It is crucial to a determination that a contract exists . . . that the minds of the parties have met on every material phase of the alleged agreement." *Chittum v. Potter*, 219 S.E.2d 859, 863 (Va. 1975). Here, ePlus does not allege that ePlus and Grimes discussed any of the material terms of the alleged contract. The parties did not specify how long ePlus would forbear repossession, how much Grimes would pay ePlus, when Grimes would make payments to ePlus, or under what terms Grimes would make those payments.

At most, Grimes promised that Cyntergy would pay its debt. ePlus "understood" this promise to mean that "Grimes was personally representing that [ePlus] would be paid." But ePlus has not alleged any facts to demonstrate that Grimes understood his statements to mean the same. In fact, the complaint does not even allege that Grimes specifically agreed to be personally obligated for Cyntergy's debt. We therefore find that the parties did not form an enforceable oral contract. The judgment of the district court is

*AFFIRMED*.