# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Benjamin A. Ritger

v.

Harbour View Self Storage, L.L.C.,
RHS Holdings, L.L.C.,
and William J. Summs

September 25, 2012

Case No. (Civil) CL12-1358

By Judge Randall D. Smith

This matter was before the Court on August 15, 2012, to hear Defendants' Demurrer. After hearing counsels' arguments, the Court took this matter under advisement. The Court considered Defendants' Demurrer, Plaintiff's brief in opposition, the arguments presented by counsel, and the applicable law. The Court stands ready to rule. Defendants' Demurrer is overruled.

## I. *Factual Background*

This suit arises from a partnership dispute. Ben A. Ritger brought this action against William J. Summs and Harbour View Self Storage, L.L.C. (collectively "Defendants") for breach of a partnership agreement and for declaratory judgment that Plaintiff is entitled to twenty-five percent of the profits from the purchase and re-sale of Bromay Self-Storage Facility, now called Harbour View Self Storage, L.L.C. ("Harbour View").

In July 2010, Summs contacted Plaintiff and W. Thurston Harville via email to propose identifying, buying, and re-selling distressed property for profit. Summs' email and the responses suggest that Harville would research potential properties and Plaintiff would list and sell the properties. Summs appeared to be an equity partner. The three men allegedly agreed to split any profits in the following way: fifty percent to Summs, twenty-five percent to Harville, and twenty-five percent to Plaintiff.

In July 2010, the partnership purchased and sold property located at 1501 Alanton Drive, Virginia Beach, Va. The partners made a substantial profit, which they split as agreed. In September 2010, the partners purchased the Bromay Self-Storage Facility ("Bromay property") for $1.3 million. The parties set up RHS Holdings, L.L.C. ("RHS") to hold title to the newly purchased property. The written operating agreement for RHS lists Summs as the sole member. The RHS operating agreement lists Summs and Harville as managers. Plaintiff is not mentioned in the RHS operating agreement.

Plaintiff alleges that, in November 2010, Summs unilaterally amended the RHS operating agreement by removing Harville as manager. Next, Summs contacted Harville to offer Harville $50,000 for his services in connection with the Bromay property. Summs also indicated to Harville that he did not plan to compensate Plaintiff at all. Then, Summs executed a credit line deed of trust on the Bromay property for $975,000 and changed the name of RHS to Harbour View. Plaintiff maintains the title remains vested in RHS.

Plaintiff represents that the market value of Harbour View is $3.043 million. Plaintiff seeks twenty-five percent of the difference between the purchase price of the Bromay property and its current market value. Additionally, Plaintiff seeks twenty-five percent of the profits from the Bromay property.

## II. Standard of Review

"A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Further, a demurrer "admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Taboada v. Daly Seven, Inc.*, 271 Va. 313, 317, 626 S.E.2d 428, 429 (2006); *Harris v. Kreutzer*, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006).

To survive a challenge by demurrer, a "pleading must be made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment'." *Eagle Harbor, L.L.C. v. Isle of Wight County*, 271 Va. 603, 611, 268 S.E.2d 298, 302 (2006) (quoting *Moore v. Jefferson Hospital, Inc.*, 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967)). Rule 1:4(d) of the Rules of the Supreme Court of Virginia states: "Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense."

A trial court is "not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a [complaint], but only may determine

whether the factual allegations of the [complaint] are sufficient to state a cause of action." *Harris*, 271 Va. at 195-96, 624 S.E.2d 24 (quoting *Riverview Farm Assocs. Va. Gen. P'ship v. Board of Supervisors*, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000)); *accord Almy v. Grisham*, 273 Va. 68, 76, 639 S.E.2d 182, 186 (2007) ("[A] demurrer presents an issue of law, not an issue of fact.").

Virginia Code § 8.01-273 states, in part: "All demurrers shall be in writing and shall state specifically the grounds on which the demurrant concludes that the pleading is insufficient at law. No grounds other than those stated specifically in the demurrer shall be considered by the court."

## III. *Analysis*

Defendants' Demurrer makes two arguments. First, Defendants argue that Plaintiff's Complaint is insufficient as a matter of law because the agreement alleged is within the statute of frauds and is therefore void. Second, Defendants argue that Plaintiff has not performed under the alleged agreement.

Defendants argue that the statute of frauds applies to the facts in Plaintiff's Complaint. Defendants claim that, because no written agreement exists, Plaintiff's claims are unenforceable. Defendants rely on Va. Code Ann. § 11-2(7) and Va. Code Ann. § 11-2(8). The statute of frauds does not apply to the facts of this case.

Va. Code Ann. § 11-2(7) provides that any agreement or contract for services to be performed in the sale of real estate by a party defined in § 54.1-2100 or § 54.1-2101 must be in writing and signed by the party to be charged. This section of the Virginia Code does not bar Plaintiff's claim. First, a verbal partnership agreement for the sale of real estate is valid. *Wingate v. Coombs*, 237 Va. 501, 506, 379 S.E.2d 304, 306 (1989). Second, the written requirement regarding real estate service agreements and contracts was intended to protect the public from unscrupulous real estate agents and brokers. As a result, it is not applicable to employment contracts between a realtor and his agent that provide for compensation based upon the sale of real estate. *Kay v. Professional Realty Corp.*, 222 Va. 348, 352, 281 S.E.2d 822-23 (1981). Plaintiff's Complaint alleges a breach of contract of a partnership agreement for the acquisition and sale of real estate. Plaintiff alleged the emails formed a written agreement for a partnership, so the Complaint would not be barred for lack of a writing. Even if Plaintiff had not alleged the emails formed a written agreement, oral partnership agreements for the speculation of land are valid. Plaintiff may show the existence and terms of the partnership by parol. Therefore, Va. Code Ann. § 11-2(7) does not apply to Plaintiff's Complaint.

Defendants' statute of frauds argument also relies on Va. Code Ann. § 11-2(8). This section requires that contracts not to be performed within one

year of their making be in writing. Va. Code Ann. § 11-2(8). Defendants appear to argue that, because the contract has not been performed within one year, the contract is voidable by the statute of frauds. Defendants misinterpret the statute. The statute applies to contracts which, by the nature of their terms, are not capable of being performed within one year from the making thereof. When a contract, either by its terms or given a reasonable construction, is capable to be performed within one year, the contract does not fall within the statute of frauds. This is true even if the contract is contingent upon the occurrence of an improbable event. *Silverman v. Bernot*, 218 Va. 650, 654, 239 S.E.2d 118, 212 (1977). The purpose of the partnership agreement was to acquire and sell real estate. The partnership agreement did not provide a fixed end date. Although the partnership agreement was entered into during the summer and fall of 2010 and the Bromay property has not yet sold, this fact is irrelevant. The proper inquiry is whether the partnership agreement could have been performed within one year. It is possible the partners could have acquired and sold the Bromay property or other properties and dissolved the partnership within one year. As such, the partnership agreement was an agreement capable of being performed within one year. Therefore, Va. Code Ann. § 11-2(8) does not apply to the facts of this case.

Lastly, the issue of Plaintiff's performance, or lack thereof, is a defense which may be pleaded by Defendants. To the extent it is necessary to support Plaintiff's claims, the Court finds Plaintiff's Complaint adequately alleges that the Plaintiff stood ready and willing to perform and that he reasonably anticipated Defendants breach of the partnership agreement. Therefore, the Complaint is satisfactory for Plaintiff's claims of anticipatory breach and declaratory relief.

Defendants' Demurrer is overruled.