**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1599**

CYBERLOCK CONSULTING, INC.,

            Plaintiff - Appellant,

      v.

INFORMATION EXPERTS, INC.,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:12-cv-00396-JCC-TRJ)

Submitted: September 5, 2013      Decided: January 8, 2014

Before AGEE and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lawrence J. Quinn, Mary Fran Ebersole, TYDINGS & ROSENBERG LLP, Baltimore, Maryland, for Appellant. Jonathan D. Frieden, Leigh M. Winstead, ODIN, FELDMAN & PITTLEMAN, P.C., Reston, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, Cyberlock Consulting, Inc. (Cyberlock) challenges the district court's grant of summary judgment in favor of Information Experts, Inc. (IE), with respect to Cyberlock's breach of contract claim under Virginia law. Cyberlock also challenges the district court's grant of IE's motion to strike certain extrinsic evidence of the parties' intent offered by Cyberlock. The district court explained its rulings in a twenty-four page published memorandum opinion. See Cyberlock Consulting, Inc. v. Information Experts, Inc., 939 F. Supp. 2d 572 (E.D.Va. 2013). The crux of the district court's reasoning in granting summary judgment in favor of IE is its conclusion that, when the contract is read as a whole instrument, the contractual provisions sought to be enforced by Cyberlock are unambiguous and constitute "an unenforceable agreement to agree." Id. at 580. The district court's reasoning in striking Cyberlock's extrinsic evidence of the parties' intent is its conclusion that, because the contract is unambiguous, extrinsic evidence is inadmissible to alter the terms of the unambiguous language. Id. at 580-82.

Having reviewed the parties' submissions, the district court's memorandum opinion, and the applicable law, we affirm on the reasoning of the district court. Critically, Virginia courts have uniformly refused to enforce agreements to agree at

- 2 -

a future date, see, e.g., W.J. Schafer Assocs., Inc. v. Cordant, Inc., 493 S.E.2d 512, 515 (Va. 1997); Allen v. Aetna Cas. and Sur. Co., 281 S.E.2d 818, 819 (Va. 1981), and that is exactly what we have at hand in this case with respect to the contractual provisions sought to be enforced by Cyberlock. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED