Present:  All the Justices

DOMINION SAVINGS BANK, FSB

v. Record No. 980758   OPINION BY JUSTICE CYNTHIA D. KINSER
                                        February 26, 1999
C. JOHN COSTELLO

FROM THE CIRCUIT COURT OF WARREN COUNTY
John E. Wetsel, Jr., Judge


In this appeal, we consider whether two notes, which document the terms of repayment for two first mortgage real estate loans, provide for payment of interest in advance or on arrears each month.  Because we conclude that the unambiguous terms of the notes provide for interest to be charged in advance, we will reverse the judgment of the circuit court finding that interest is to be paid on arrears.

I.

Dominion Savings Bank, FSB, (the Bank)[1] made two first mortgage real estate loans to C. John Costello (Costello).  The loans are evidenced by two promissory notes, each dated December 12, 1986.  One note is for the principal amount of

_____

[1] First Federal Savings Bank of Shenandoah Valley, now known as Dominion Savings Bank, FSB, was the successor-in-interest to First Federal Savings and Loan Association of Front Royal, the institution designated as "Lender" in the two notes.

$42,000, and the other note is for the principal amount of $133,000.[2]

The notes contain several provisions pertinent to this appeal. In the terms regarding payments, the notes require Costello to "pay principal and interest by making payments . . . on the 1st day of each month beginning on January 1, 1987[,]" and continuing until December 1, 2016, at which time any remaining amounts are to be paid in full. The notes also specify that "monthly payments will be applied to interest before principal." The only difference between the notes is the amount of the monthly payments. Under the $42,000 note, Costello's monthly payment is $376.38; whereas, the monthly payment on the $133,000 note is $1,191.84.

At the closing on both loans, Costello paid interest for the period from December 12 through December 31, 1986. He then began to make his scheduled monthly payments.[3]

---

[2] Costello executed the $42,000 note personally and as trustee of the Druid Hill Land Trust. Costello and his wife, J. Braidwood Costello, executed the $133,000 note. At the closing for the $133,000 loan, Costello also executed a federal Truth-in-Lending Disclosures statement, but there was no contemporaneous execution of such a document at the closing for the other loan.

[3] On May 10, 1994, Costello paid off the $133,000 note in full. According to the record in this case, he continues to make monthly payments on the $42,000 note.

Thus, when he made the initial payments on January 1, 1987, no interest had accrued on the loans. The Bank applied those payments first to the interest that would accrue during the month of January 1987, and then to the outstanding principal balances. The Bank applied each of Costello's subsequent payments in this manner. In other words, the Bank always collected interest in advance on the principal balances of the loans rather than on arrears.

On September 9, 1996, Costello filed a motion for judgment in which he alleged that the Bank had misallocated his payments between interest and principal and thus overcharged him in the amount of $2,243.82 on the two loans. According to Costello, the notes require that the Bank charge interest on arrears rather than in advance. In response, the Bank asserted, <u>inter</u> <u>alia</u>, that the notes do provide for interest to be collected in advance. Costello later amended his motion for judgment by adding a claim for fraud against the Bank.[4]

On December 17, 1997, the circuit court, after hearing argument from both parties,[5] found that the terms of the

---

[4] The circuit court resolved the fraud claim in favor of the Bank. It is not an issue in this appeal.

[5] The circuit court also allowed the Bank to proffer evidence to show the business custom and trade with regard to charging interest in advance and to establish that

notes are "clear and unambiguous" and that "[t]here is no provision in the payment provisions that would make this an interest in advance note."  In a final order dated January 20, 1998, the circuit court awarded judgment in favor of Costello in the amount of $105.98 for the overpayment of interest on the paid-off $133,000 note.  The court also reduced the outstanding principal balance on the $42,000 note to $36,627.38 in order to adjust for portions of payments that the Bank previously had credited to interest in advance rather than on arrears.  Finally, the court directed that "interest shall be charged in arrears and not in advance" thereafter on the $42,000 note.  The Bank appeals.

## II.

The dispositive issue in this appeal is whether the circuit court erred by finding that the two notes do not provide for interest to be paid in advance each month on the outstanding principal balances of the two loans.  Like the circuit court, we find that the terms of the two notes are clear and unambiguous.  "[T]he question whether a contract is ambiguous is one of law," and "[a] contract is not deemed ambiguous merely because the parties disagree as

_____

certain documents at the loan closings also demonstrate that these notes provide for interest to be paid in advance

4

to the meaning of the language they used to express their agreement." Ross v. Craw, 231 Va. 206, 212-13, 343 S.E.2d 312, 316 (1986). Furthermore, because this Court has "the same opportunity as the trial court to consider the words within the four corners" of an unambiguous contract, we are not bound on review by the trial court's construction of that contract. Christopher Assocs., L.P. v. Sessoms, 245 Va. 18, 22, 425 S.E.2d 795, 797 (1993).

"The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares." W. F. Magann Corp. v. Virginia-Carolina Elec. Works, Inc., 203 Va. 259, 264, 123 S.E.2d 377, 381 (1962). It is well-settled in contract law that "'where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself.'" Ross, 231 Va. at 212, 343 S.E.2d at 316 (quoting Globe Iron Constr. Co. v. First Nat'l Bank of Boston, 205 Va. 841, 848, 140 S.E.2d 629, 633 (1965)). We shall, therefore, look no further than the plain terms of the two promissory notes in order

---

rather than on arrears.

to determine whether the notes provide for payment of interest in advance or on arrears.

Although neither of the two notes expressly uses the terminology "interest in advance," the unambiguous terms of the notes reveal that the parties intended for the Bank to collect interest in advance each month. The notes require Costello to "pay principal <u>and interest</u> by making payments every month." (Emphasis added). He is further obligated to "make [his] monthly payments on the 1st day of each month beginning on January 1, 1987," and his "monthly payments [are to] be applied to interest before principal."

At the loan closings, Costello paid interest through the end of December 1986. Therefore, when his first scheduled monthly payments were due on January 1, 1987, no interest had accrued. Yet, according to the terms of the notes, Costello was required to pay "principal and interest" every month, and his payments were to "be applied to interest before principal." Construing the terms of the notes as a whole, as this Court must do, <u>Westmoreland-LG&E Partners v. Virginia Elec. & Power Co.</u>, 254 Va. 1, 10-11, 486 S.E.2d 289, 294 (1997), we conclude that the parties intended that interest would be paid in advance each month. A contrary decision would render meaningless the provisions of the notes requiring Costello to pay interest and

6

principal every month beginning on January 1, 1987, and directing that the payments be applied first to interest and then to principal. "No word or clause in the contract will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words needlessly." <u>D.C. McClain, Inc. v. Arlington County</u>, 249 Va. 131, 135-36, 452 S.E.2d 659, 662 (1995).

For these reasons, we will reverse the judgment of the circuit court.[6]

<u>Reversed and final judgment</u>.

---

[6] Because of our decision on this issue, we will not address the Bank's remaining assignment of error.